IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| JESSICA BATSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-03251-CV-S-WBG |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff Jessica Batson's appeal of Defendant Acting Commissioner of Social Security's final decision denying her application for disability insurance benefits. After carefully reviewing the record and the parties' arguments, the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings.

### I.  BACKGROUND

Plaintiff was born in 1981 and has a high school diploma. R. at 30, 137. She previously worked as a secretary. R. at 17, 41. In May 2018, Plaintiff applied for disability insurance benefits, alleging a disability onset date of December 5, 2017. R. at 137-40. Her application was denied, and she requested a hearing before an administrative law judge ("ALJ"). R. at 63-75, 84-85.

In October 2019, a hearing was held before ALJ Jo Ann L. Draper. R. at 25-46. Plaintiff and a vocational expert ("VE") testified. R. at 25-46. On March 13, 2019, the ALJ issued her decision, finding Plaintiff is not disabled. R. at 10-19. The ALJ concluded Plaintiff suffers from

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is automatically substituted as Defendant in this suit.

the following severe impairments: "herpes and anti-NDMAR [sic] encephalitis,[2] bitemporal encephalomalacia of right frontal lobe; seizure disorder; mild cognitive impairment; degenerative disc disease; and depressive disorder." R. at 12. She determined Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a), with the following additional limitations:

> [S]he can lift and carry 10 pounds occasionally and five pounds frequently; sit six to eight hours; and stand and walk two hours. She can occasionally climb, balance, stoop, kneel, crouch, and crawl, but never climb ropes, ladders, or scaffolds. She can have no exposure to hazards such as heights and moving machinery; no exposure to noise above level 3 (SCO); and occasional exposure to vibration. She can perform routine, repetitive tasks involving simple work-related decisions requiring little to no judgment with only occasional workplace changes. She can have occasional interaction with the public. She cannot work at production-rate pace (such as fast-paced work on an assembly line).

R. at 14.

Based upon her review of the record and the RFC, the ALJ concluded Plaintiff could work as a document preparer, addresser, and stuffer, and therefore, is not disabled. R. at 18-19, 42. Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council, which denied her appeal. R. at 1-3, 134-35. She now appeals to this Court. Doc. 3.

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the Commissioner's findings, and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Turpin v. Colvin,* 750 F.3d 989, 992-93 (8th Cir. 2014). This Court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). The threshold for such evidentiary

---

[2] "Anti-NMDA receptor encephalitis is a neurologic" and "immune disease, where the body creates antibodies against the NMDA receptors in the brain. These antibodies disrupt normal brain signaling and cause brain swelling, or encephalitis." Univ. of Penn. Perelman Sch. of. Med., Ctr. for Autoimmune Neurology, Anti-NMDAR Encephalitis, https://www.med.upenn.edu/autoimmuneneurology/nmdar-encephalitis.html (last visited Feb. 18, 2022).

sufficiency is not high. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (citation omitted).

In evaluating for substantial evidence, a court must consider evidence supporting as well as evidence detracting from the Commissioner's decision. *Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2015). "As long as substantial evidence in the record supports the Commissioner's decision, [a reviewing court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). If after reviewing the entire record it is possible to draw two inconsistent positions and the Commissioner adopted one of those positions, the court must affirm. *See Anderson*, 696 F.3d at 793.

### III. DISCUSSION

Plaintiff's appeal solely focuses on the ALJ's RFC. Doc. 12 at 9-14. She contends the ALJ's RFC is not supported by substantial evidence because the ALJ did not include two mental functioning limitations set forth in a neuropsychologist's opinion, which the ALJ found persuasive. *Id*. Defendant maintains the ALJ's RFC properly accounts for the two mental functioning limitations at issue. Doc. 17 at 6-13.

When a claimant has a medically determinable mental impairment, the ALJ must "rate the degree of functional limitation resulting from the impairment(s)." 20 C.F.R. § 404.1520a(b)(2). The degree of functional limitation is "based on the extent to which [the claimant's] impairment(s) interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." *Id*. § 404.1520a(c)(1). The factors considered include "quality and level of [the claimant's] overall functional performance, any episodic limitations, the amount of

3

supervision or assistance [the claimant] require[s], and the setting in which [the claimant is] able to function." *Id*. § 404.1520a(c)(2). The ALJ's "written decision must incorporate the pertinent findings and conclusions," "show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id*. § 404.1520a(e)(4). In addition, "[t]he decision must include a specific finding as to the degree of limitation" related to the claimant's ability to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id*. § 404.1520a(c)(3), (e)(4).

Specific to the RFC determination, the ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). In the written decision, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion." Soc. Sec. Admin., Policy Interpretation Ruling Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*.

**A.    Dr. Allen's Opinions**

In August 2019, Dr. Allen conducted a neuropsychological evaluation of Plaintiff. R. at 943-54. Her evaluation included a meeting with Plaintiff, review of medical records, a neuropsychological status examination, and the administration of several tests including cognitive testing and the Texas Functional Living Scale. R. at 944-48, 951-54. Related to cognitive abilities,

4

Case 6:20-cv-03251-WBG    Document 24    Filed 02/18/22    Page 4 of 8

Dr. Allen found Plaintiff's "immediate and delayed free recall" was deficient; "her recognition memory…was low average"; her ability to retain a list of words was "in the borderline deficient range"; her "performance on a measure of complex figure copy…was impaired"; and her "working memory performance declined with increasing complexity, but still only dropped to the average range (she performed in the above average range on simpler trials)." R. at 948. Due to Plaintiff's difficulty with memory, Dr. Allen concluded it was "important that [Plaintiff] have a level of oversight and assistance in daily activities." R. at 949.

In her report, Dr. Allen recommended Plaintiff "continue receiving" oversight and assistance and suggested "particular attention needs to be devoted to issues of safety and well-being." R. at 949. She also noted Plaintiff's "cognitive difficulties have the potential to adversely impact her performance in a working environment, and if a workplace cannot accommodate her limitations, disability benefits may be appropriate." *Id*. Dr. Allen also advised Plaintiff should be "allow[ed] ample time" to complete tasks, and she should complete tasks one at a time. R. at 950.

In September 2019, Dr. Allen executed a Medical Sources Statement – Mental, opining on Plaintiff's mental functioning limitations. R. at 956-57. She concluded Plaintiff is "markedly limited" in her ability to understand and remember detailed instructions. R. at 956. An ability is considered "markedly limited" if it "seriously interferes with the ability to function independently" and is a "60% overall reduction in performance." *Id.* Dr. Allen also found Plaintiff is "moderately limited" in her abilities to remember locations and work-like procedures, carry out detailed instructions, and sustain an ordinary routine without special supervision. R. at 956-57. "Moderately limited" means "[i]mpairment levels are compatible with some, but not all, useful

5

functioning. Considered to be 1 standard deviation below the norm, or 30% overall reduction in performance." R. at 956.[3]

**B.      The ALJ's Consideration of Dr. Allen's Opinions**

When examining the medical opinions in the record, the ALJ stated she was "persuaded by" by Dr. Allen's opinions because they were "supported by extensive, objective cognitive testing." R. at 17. Based on Dr. Allen's findings related to Plaintiff's memory difficulties and mild cognitive impairment, the ALJ found it "appropriate to limit" Plaintiff to "routine, repetitive tasks involving simple work-related decisions requiring little to no judgment with only occasional workplace changes." R. at 14, 16. She also found Plaintiff could not "work at production rate pace (such as fast-paced work on an assembly line)." R. at 14.

Plaintiff argues the ALJ failed to account for two limitations set forth by Dr. Allen, whose opinions the ALJ found persuasive. Doc. 12 at 9-14. Specifically, she contends the ALJ's RFC did not include limitations related to (1) the thirty percent reduction in her ability to remember locations and work-like procedures, and (2) the thirty percent reduction in her ability to sustain an ordinary routine without special supervision. *Id.* Moreover, Plaintiff asserts the ALJ failed to explain why these limitations were not encompassed in the RFC. *Id.*

**(1) Limited Ability to Remember Locations and Work-Like Procedures**

The ALJ noted Plaintiff's memory deficits moderately limited her abilities to understand, remember, and apply information. R. at 13. But she also observed Dr. Allen found Plaintiff, despite her memory deficits, performed "largely normal…on functional/applied tasks." *Id.* (citing R. at 191-205, 945). Consequently, the ALJ limited Plaintiff to "routine, repetitive tasks involving

---

[3] Dr. Allen also opined Plaintiff is "mildly limited" in several mental functioning areas. R. at 956-57. These mild limitations, however, are not at issue in this appeal.

simple work-related decisions requiring little to no judgment with only occasional workplace changes." R. at 14, 16.

The ALJ rated the degree of functional limitation resulting from Plaintiff's memory deficits as moderately limited. R. at 13. In her narrative discussion describing Plaintiff's limitations, the ALJ explained the finding was based on information contained in the record, including but not limited to, Dr. Allen's opinions and Plaintiff's testimony. R. at 13-17. The ALJ's RFC limited Plaintiff to "routine, repetitive tasks involving simple work-related decisions requiring little to no judgment with only occasional workplace changes." R. at 14. This limitation, as explained by the ALJ, accounted for Plaintiff's memory difficulties. R. at 16. The Court finds the ALJ's RFC properly accounted for Plaintiff's memory deficits as noted by Dr. Allen.

**(2) Limited Ability to Sustain An Ordinary Routine Without Special Supervision**

The ALJ's decision, however, did not address Plaintiff's reduced ability to sustain an ordinary routine without special supervision. *See* R. at 10-19. And the ALJ failed to explain why she did not account for this limitation in the RFC or why she deviated from Dr. Allen's opinion, which the ALJ found to be persuasive. *See* R. at 14-19; *see also* SSR 96-8p.

When an ALJ finds a medical opinion is persuasive, supported by objective evidence, and consistent with the record, any limitations in the medical opinion should be included in the ALJ's RFC. *See Gann v. Barnhart*, 864 F.3d 947, 952-53 (8th Cir. 2017) (finding the ALJ's RFC failed to include functional limitations set forth in two medical opinions the ALJ afforded "significant weight"). While the Court acknowledges the ALJ does not have to "mechanically list and reject every possible limitation," the ALJ cannot "disregard evidence or ignore potential limitations." *See McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011).

Here, the ALJ was aware of this functional limitation. *See* R. at 41-43. Tellingly, during the hearing, the ALJ asked the VE if a hypothetical person with Plaintiff's education, work history, and certain functional limitations would be able to work if the person "require[d] close supervision with being reminded of tasks three or four times daily." R. at 41-43. The VE testified there were no jobs that could be performed by the hypothetical person. R. at 43. He also noted, "That's not the type of supervision I would expect to find in competitive employment." *Id*. Notably, the functional limitations in the ALJ's hypothetical question, apart from the supervision requirement, mirror the ALJ's RFC. R. at 14, 41-43.

Because the ALJ found Dr. Allen's opinions to be persuasive, supported by objective evidence, and consistent with the record, the ALJ should have included all limitations set forth by Dr. Allen. Alternatively, if the ALJ chose not to include any of Dr. Allen's limitations, the ALJ should have explained why any excluded limitation was not adopted. Here, the ALJ failed to do either. Thus, the RFC is not supported by substantial evidence. Accordingly, the Court must reverse the Commissioner's decision and remand this matter. Upon remand, the ALJ must consider all functional limitations set forth in Dr. Allen's opinions, and either include those limitations in the RFC or explain why limitations were not included in the RFC.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds the substantial evidence in the record as a whole does not support the ALJ's decision. Accordingly, the Commissioner's decision is **REVERSED**, and the matter is **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

DATE: February 18, 2022                    */s/ W. Brian Gaddy*
                                           W. BRIAN GADDY
                                           UNITED STATES MAGISTRATE JUDGE